UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

CAREY J. P., )
)
   Plaintiff, )
)
vs. ) Case No. 17-CV-585-FHM
)
)
NANCY A. BERRYHILL, Acting Commissioner of )
Social Security, )
)
   Defendant. )

# OPINION AND ORDER

Plaintiff, Carey J. P., seeks judicial review of a decision of the Commissioner of the Social Security Administration denying disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and

---

[1] Plaintiff Carey J. P.'s application was denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) Lantz McClain was held May 25, 2016. By decision dated June 24, 2016, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on August 22, 2017. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 50 years old on the alleged date of onset of disability and 52 on the date of the denial decision. Plaintiff has a high school education and her past work experience includes county assessor/appraiser. [R. 20]. Plaintiff claims to have become disabled as of September 30, 2014 due to Hashimotos, alopecia areata, irritable bowel, sleep apnea, fibromyalgia, osteoporosis, pre-diabetes, memory impairment, headaches, and low back pain. [R. 224].

## The ALJ's Decision

The ALJ found that Plaintiff has severe impairments relating to degenerative disc disease, fibromyalgia, obesity, mild cognitive impairment, and anxiety disorder. [R.12]. The ALJ found alopecia, status post thyroidectomy, obstructive sleep apnea, and mild hearing loss in left ear non-severe impairments. The ALJ noted that there was no evidence that Plaintiff had ever been diagnosed or treated for irritable bowel syndrome. [R. 13]. The ALJ determined that Plaintiff has the residual functional capacity to perform light work.

2

Specifically, Plaintiff can occasionally lift and/or carry 20 pounds; frequently lift and/or carry 10 pounds; stand and/or walk at least 6 hours in an 8-hour workday; and sit at least 6 hours in an 8-hour workday. Plaintiff can never climb ladders, ropes, or scaffolds; and can occasionally stoop or crawl. Plaintiff is limited to simple, repetitive tasks; she can relate to supervisors or coworkers only superficially; and cannot work with the general public. [R. 14]. The ALJ determined that Plaintiff was unable to perform her past relevant work as a county assessor/appraiser. [R. 20]. Further, based on the testimony of the vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform. [R. 21]. Accordingly, the ALJ found Plaintiff was not disabled. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. See *Williams v. Bowen*, 844 F.2d 748, 750 52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts that the ALJ: 1) failed to derive a mental RFC supported by substantial evidence in that he failed to sufficiently weigh the medical opinions of record. [Dkt. 17, p. 8].

## Analysis

Plaintiff argues that the ALJ erred in evaluating the opinions of consultative examiner, Dr. Johna Smasal, Ph.D., and treating neurologist, Dr. Ralph Richter, M.D. [Dkt. 17, p. 8-14]. Plaintiff contends that the ALJ failed to provide any analysis indicating the weight provided to Dr. Smasal's opinion. [Dkt. 17, p. 9]. Further, the ALJ's failure to include Dr. Smasal's limitations or explain their omission caused harm because inclusion

3

of those limitations would have rendered Plaintiff disabled. [Dkt. 17, p. 12]. Plaintiff also argues that the ALJ failed to explain what weight he afforded to the opinion of Dr. Richter outlined in his *Medical Source Statement - Mental*. [Dkt. 17, p. 13, 24, 523].

### Dr. Johna Smasal, Ph.D.

On January 8, 2015, Plaintiff presented to Dr. Smasal for a mental status evaluation. Plaintiff reported she had memory loss which was negatively impacting her ability to secure and maintain employment. Plaintiff had never been hospitalized for any psychiatric concerns and outpatient treatment had never been pursued. Plaintiff can prepare her own meals, clean, shop, and drive. Dr. Smasal opined that it is likely Plaintiff is able to perform some work-related mental activities, such as ability to understand simple instructions, however, Plaintiff can be expected to experience difficulty with concentration, persisting with difficult tasks, social interactions, memory consolidation, and adapting to the demands of a work environment. [R. 17, 469].

The ALJ noted that Plaintiff stated she was not depressed, just had pain and foggy memory. Mental status examination showed an inconsistent performance with regard to her ability to perceive and reconstruct across three visual-spatial tasks. Further, Dr. Smasal stated Plaintiff's tearful distress likely negatively impacted her performance on testing. Plaintiff had difficulty with attention and concentration, thought processes were somewhat disorganized, and she appeared preoccupied with her emotional distress. [R. 17].

The ALJ thoroughly analyzed and discussed the medical records of Dr. Smasal and demonstrates his consideration of the medical evidence. Contrary to Plaintiff's argument, Dr. Smasal's limitations were generally incorporated into the ALJ's RFC by limiting Plaintiff

4

to simple, repetitive tasks; relating to supervisors and coworkers only superficially; and no working with the general public. [R. 14]. The ALJ's RFC assessment does not include Dr. Smasal's limitations on concentration or adapting to the demands of a work environment. Clearly, the ALJ discounted Dr. Smasal's opinion and his decision to do so was supported by substantial evidence. The ALJ noted that Plaintiff never sought or received treatment from a mental health professional; she received medication from her treating physician; and there was no indication of a significant impact on daily activities, abilities, and overall employability. Further, objective medical findings did not support the presence of mental problems or restrictions of disabling proportions, and are unremarkable for the kind of behavioral, cognitive/communicative, mood, or other mental status abnormalities that would indicate the presence of a seriously limiting mental disorder. [R. 18, 476]. The ALJ's rationale in evaluating Dr. Smasal's opinion is sufficient to permit meaningful review.

Although the ALJ did not specifically articulate what weight he accorded to the opinion of Dr. Smasal, it is clear that he considered, accepted her opinion, and incorporated the limitations which were supported by substantial evidence into the RFC. [R. 19]. The ALJ's failure to specify the weight given to Dr. Smasal's medical opinion is not cause for reversal of the decision. Review requires the court to use common sense, not technical perfection, as its guide. *Keyes-Zachary v. Astrue,* 695 F.3d 1156 (10th Cir. 2012). The ALJ's citation to the medical evidence satisfies the requirement that the ALJ's decision be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to treating sources' medical opinion and the reasons for that weight. 20 C.F.R. § 404.1527. Any error in failing to specify the weight assigned to Dr. Smasal's opinion is harmless.

## Dr. Ralph Richter, M.D.

In February, 2014, Plaintiff had a cognitive evaluation performed by psychologist Dale Jeffus, Ph.D. who found Plaintiff had mild cognitive deficits. Plaintiff presented to Dr. Richter for a second cognitive evaluation on May 11, 2015. Dr. Richter found no evidence of severe memory impairment in his testing and also concluded that Plaintiff had a mild cognitive impairment. [R. 556]. Four months later on September 1, 2015, Dr. Richter completed a *Medical Source Statement - Mental*, opining Plaintiff had moderate limitations in her ability to make judgments on simple work-related decisions; interact appropriately with supervisors and coworkers; and respond appropriately to ususal work situations and to changes in a routine work setting. Plaintiff had marked limitations in interacting appropriately with the public and ability to complete a normal work-day and work-week without interruptions from psychologically-based symptoms; and to perform at a consistent pace without an unreasonable number and length of rest periods. Dr. Richter noted that Plaintiff scored 22 of 30 on mini-mental state exam which indicated she had mild to moderate cognitive dysfunction. [R. 523-24].

Plaintiff argues that although the ALJ determined that Dr. Richter's opinion did not deserve controlling weight, he failed to explain what weight he was affording that opinion. [R. 18]. A treating physician's opinion is accorded controlling weight if it is well-supported by medically acceptable clinical or laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. However, if the opinion is deficient in either of these respects, it is not given controlling weight. When an ALJ decides to disregard a medical report by a claimant's physician, he must set forth specific, legitimate reasons for his decision. An ALJ "may reject a treating physician's opinion outright only on the basis

6

of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion." *Watkins v. Barnhart,* 350 F.3d, 1297, 2003 WL 22855009 (10th Cir. 2003). If the ALJ decides that a treating source's opinion is not entitled to controlling weight, he must determine the weight it should be given after considering: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the treating source's opinion is supported by objective evidence; (4) whether the opinion is consistent with the record as a whole; (5) whether or not the treating source is a specialist in the area upon which an opinion is given; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. See 20 C.F.R. § 404.1527(d)(2)-(6).

The ALJ did not reject Dr. Richter's opinion, he just declined to give it controlling weight. See *Krauser v. Astrue*, 638 F.3d 1324, 1330 (10th Cir.2011) (distinguishing between denying controlling weight to a treating physician's opinion and completely rejecting it). The ALJ accurately discussed Dr. Richter's medical records and medical source statement in the denial decision. The ALJ concluded that Dr. Richter's opinion was in conflict with his own treatment records and inconsistent with the other substantial evidence. [R. 18]. Further, the ALJ noted that at the time Dr. Richter completed the mental and physical medical source statements, he had seen Plaintiff on only one occasion and there is no evidence that Plaintiff ever sought or received treatment from a mental health professional. [R. 17-18, 556]. The ALJ also considered the objective medical evidence including MRI's which were not consistent with a dimenting illness. [R. 15-16, 334, 476].

Plaintiff's activities of daily living which included reading, using the computer, Facebooking, simple housekeeping, feeding chickens, and gathering eggs supported the ALJ's determination that Plaintiff was capable of light simple work activity. [R. 18-19].

The record supports the ALJ's findings that the evidence was inconsistent with Dr. Richter's opinion about Plaintiff's limitations. And again the ALJ's citation to the medical evidence satisfies the requirement that the ALJ's decision be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to treating sources' medical opinion and the reasons for that weight. 20 C.F.R. § 404.1527. Any error in failing to specify the weight assigned to Dr. Richter's opinion is harmless.

## **CONCLUSION**

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 9th day of November, 2018.

_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE